```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DEBRA BELLARE o/b/o S.M.,

                      Plaintiff,           07-CV-6205T

           v.                              DECISION
                                           and ORDER
MICHAEL J. ASTRUE, Commissioner
of Social Security

                      Defendant.
_____
```

## INTRODUCTION

Debra Bellare ("Plaintiff"), on behalf of Samuel Maloney ("Maloney"), her minor child, brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying her application for Supplemental Security Income ("SSI") childhood disability benefits. Specifically, Plaintiff seeks reversal of the Commissioner's ruling on grounds that the decision of Administrative Law Judge ("ALJ") William R. Pietz denying Plaintiff's application for benefits was erroneous and not supported by substantial evidence contained in the record and was not supported by the applicable law.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"). Plaintiff cross-moves for judgment on the pleadings on the grounds that the ALJ's decision was not supported by substantial evidence. For the reasons set forth below, I hereby deny Defendant's motion for judgment on the

pleadings, deny Plaintiff's cross-motion for judgment on the pleadings, and remand this claim to the Commissioner for further proceedings consistent with this Decision.

## **BACKGROUND**

On July 23, 2003, Plaintiff, on behalf of her son, Samuel Maloney, filed an application with the Social Security Administration for SSI childhood disability benefits (Tr. 59). Maloney, who was born on May 17, 2000, was three years old at the time the application was made. Bellare's application was denied initially on October 14, 2003. (Tr. 28-31). Plaintiff then filed a timely request for a hearing before an ALJ which took place before ALJ Pietz via video-teleconferencing on May 5, 2006 (see Tr. 535-545). Plaintiff, represented by counsel, appeared and testified, but her son did not appear at the administrative hearing.

In a decision dated June 2, 2006, ALJ Pietz found that although Maloney's pervasive developmental disorder, post traumatic stress disorder, and bipolar disorder were severe (Tr. 16), he was not disabled within the meaning of the Social Security Act (Tr. 25). Bellare made a timely request for review of that decision to the Social Security Appeals Council ("Appeals Council") (Tr. 11). After the ALJ rendered his decision, but before the Appeals Council rendered its decision regarding Plaintiff's request for review, Bellare submitted additional evidence in support of her claim (Tr. 7, 10, 527-531). The Appeals

Council found that the supplemental evidence was not relevant to the issue of whether or not Maloney was disabled at the time the ALJ rendered his decision and, therefore, declined to make it part of the record (see Tr. 7, 10).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision on February 23, 2007 (Tr. 6-10). On April 20, 2007, Plaintiff filed this action on behalf of her son, appealing the Commissioner's decision.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. This section has been made applicable to Supplemental Security Income cases by § 42 U.S.C. 1383(c)(3). 42 U.S.C. § 405(g) directs that when considering such a claim, the district court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038

(2d Cir. 1983) (finding that a reviewing court does not try a benefits case de novo).

In determining whether the factual findings of the Commissioner are supported by substantial evidence, the reviewing court must examine the entire record. Id. The record includes evidence that was submitted to the Appeals Council, but was not before the ALJ, provided that the evidence relates to the claimant's condition as it existed on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.970(b), 416.1470(b); see also Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996) (holding that "new evidence submitted to the Appeals Council following the ALJ's decision may become part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision.").

The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim. The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).

The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor

Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**II.  The Commissioner erred in not evaluating and considering new and material evidence submitted to the Appeals Council.**

Social Security regulations provide that the Appeals Council must evaluate new and material evidence submitted following an ALJ's decision if the evidence relates to the claimant's condition as it existed on or before the date of the ALJ's hearing decision. 20 C.F.R. §§ 404.970(b), 416.1470(b). See also Perez v. Chater, 77 F.3d 41, 45 (CA 2d 1996).  In this case, after the ALJ rendered his decision, but before the Appeals Council considered Plaintiff's request for review of the ALJ's decision, Plaintiff submitted additional evidence pertaining to her son's conditions (see Tr. 7, 10, 527-531) which included reports from Maloney's special education teacher, his psychologist, mental health counselor, and treating psychiatrist, as well as records pertaining to a 16-day hospital stay in the Child Inpatient Psychiatry Unit of Strong Memorial Hospital in Rochester, New York. See App. to Pl.'s Mo. for J. on the Pleadings. The Appeals Council declined to consider the additional evidence on grounds that the evidence "[did] not affect the decision as to

whether [Maloney] was disabled on or before June 2, 2006" (the day on which the ALJ rendered his decision) (see Tr. 7). The Appeals Council, therefore, declined to consider the evidence in reaching its decision not to review the ALJ's denial of benefits.

I find that the evidence Plaintiff submitted after the ALJ issued his decision relates to Maloney's condition as it existed prior to the date of that decision. Therefore, the Appeals Council was required to consider that evidence. See 20 C.F.R. §§ 404.970(b), 416.1470(b). The evidence submitted by the plaintiff purported to establish that Maloney's conditions resulted in significant limitations, including being hospitalized for an extended period of time. Though the hospitalization may have occurred after the ALJ rendered his decision, Plaintiff contends that the hospitalization was a manifestation of the disabling conditions suffered by Maloney prior to the date of the ALJ's decision, and, therefore, related to his claim for disability benefits.  The evidence submitted of the child's hospitalization should have been considered since it did not result from any new or unrelated condition that arose subsequent to the date of the ALJ's decision.  The hospital records consisted of a discharge summary, neurophysiology testing, and laboratory testing.  He was hospitalized for "aggressive behavior directed towards his sister" and was found to have significant "difficulty with sustaining attention and staying on task."  ("Discharge Info." page 1.)  His diagnosis was consistent with that previously considered by the

ALJ "bipolar disorder, pervasive development disorder" and sensory integration disorder. ("Discharge Info." page 4.) Accordingly, I find that it was error for the Commissioner to decline to consider the information supplied by Plaintiff after the ALJ issued his decision.

On remand, the ALJ shall consider the additional evidence submitted by Plaintiff along with other evidence in the record relating to Maloney's condition as it existed prior to the date of the ALJ's initial determination. This new evidence is to be treated as part of the administrative record. (Perez, 77 F.3d at 45.)

## CONCLUSION

For the reasons set forth above, I remand this case to the Commissioner for a new administrative hearing. Defendant's motion for judgment on the pleadings and Plaintiff's cross-motion for judgment on the pleadings are both denied without prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                              S/Michael A. Telesca
                              _____
                                MICHAEL A. TELESCA
                          United States District Judge

Dated:   Rochester, New York
           July 11, 2008